ROBERT PEACOCK v. STATE.

168 So. 401.
Division B.
Opinion Filed May 22, 1936.

*John C. Wynn,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant Attorney General. and *John H. Carter, Jr.,* State Attorney, for the State.

BUFORD, J.—The writ of error brings for review a judgment of conviction of manslaughter in the Circuit Court for Jackson County, Florida.

The first and second questions presented by plaintiff in error challenge the correctness of the order of the Circuit Court sustaining demurrer to defendant's pleas in abatement.

There were four pleas in abatement, each of which attempted to challenge the legality of the Grand Jury which returned the indictment. The first, second and third pleas are vague, indefinite and uncertain and, therefore, do not meet the rule enunciated by this Court in the case of Oglesby v. State, 83 Fla. 132, 90 Sou. 825, as follow:

Pleas in abatement must be certain to a certain intent in every particular. They must leave nothing to be supplied

by intendment and no supposable special answer unobviated."

When the allegations of each of these pleas are analyzed each plea fails to show that the provisions of Section 2776 R. G. S., 4453, C. G. L., were not substantially complied with.

The record also shows by the recital of the Judge in the order sustaining the dumurrer to the pleas, the following:

"On this day came the State Attorney and the defendant in person, and by counsel, into open Court and the defendant, by his attorney, moved the Court to recuse or disqualify himself from acting herein on the demurrer filed by the State Attorney to the fourth plea in abatement filed by the defendant, and after giving said motion due consideration it was ordered that same be, and is hereby denied and exception noted, for at the time of drawing the jury alleged to have been illegally and improperly drawn, the defendant and his counsel were in Court at the time of drawing jury and raised no objection whatever to the manner in which the jury was drawn, that the court was advised that the three jurors placed back in the jury box were absent from Jackson County and could not be served."

The words, "that the court was advised that the three jurors placed back in the jury box were absent from Jackson County and could not be served" refers to the allegations of the fourth plea in abatement which challenged the legality of the jury because during the process of drawing the names from the jury box the Judge drawing the jury placed three names back in the box. The reason for placing the names back in the box was given by the Court in sustaining the demurrer to the plea raising this question.

We do not hold that the reason given warranted the

Judge in placing the three names drawn from the jury box back in the jury box.

Section 2777 R. G. S., 4455, C. G. L., provides that the Judge in open Court shall proceed to draw from the jury box the names of 36 persons to serve as jurors. In Colson v. State, 51 Fla. 19, 40 Sou. 183, it was held that a defendant is not as a matter of right entitled to have any particular jurors empaneled to try his case. It follows that a defendant is not entitled as a matter of right to have any particular juror's name drawn by the Judge to serve on a venire from which a grand jury is to be drawn. The Judge drawing a jury should draw the names of 36 persons to serve and if he draws from the box. the name of a person whom he knows to be no longer available for jury duty in the County, he should nevertheless have that name entered as one of the venire and not draw another in lieu thereof.

When the venire of 36 names shall have been drawn and served the sheriff's return will show whether or not any names have been drawn who are not available to be summonsed and then if some have not been served the venire may be completed by drawing additional names from the jury box, or in any other manner provided by law. In this case, however, the order of the Court sustaining demurrer to the pleas shows "the defendant and his counsel were in court at the time of drawing jury and raised no objection whatever to the manner in which the jury was drawn."

It follows, therefore, that under the rule stated in the case of Colson v. State, *supra,* which we think applies as hereinbefore stated, to venire men drawn for the purpose of selecting a grand jury as well as to venire-men drawn to try a particular case, the right to have the first 36 names drawn by the Judge to constitute the list of venire-men to

serve as jurors may be waived either by affirmative action or by acquiescence where the defendant and his counsel are in court, observe such drawing of the venire and raise no objection thereto. This is true, unless it can be shown that the defendant has suffered some injury by such drawing of the venire by reason of a condition of which he had no knowledge at the time the venire was so drawn in his presence.

In Peadon v. State, 46 Fla. 124, 35 Sou. 204, it was held that the trial judge in the exercise of sound discretion has the right to excuse a juror, although he may be competent to serve as such, and the exercise of such discretion is not error unless abused to the detriment of the defendant. While the judge may not freely exercise his discretion in selecting names to be placed on the venire to serve as jurors, one who has stood by and seen such discretion exercised without objection is not in position at some later date to challenge the panel because of that irregularity, to which he had opportunity to object at the time, no harm resulting to the defendant.

The next question presented challenges the action of the trial judge in denying motion to recuse himself. The motion or, as it is called in the record, the suggestion of disqualification, alleges in effect that the judge is disqualified because he ruled adversely to the defendant on the demurrer to defendant's pleas in abatement. There is no virtue in the motion or suggestion and the plaintiff in error has cited no authority in support of his contention.

The only other contention presented here challenges the sufficiency of the evidence to sustain the verdict. There was ample legal evidence to constitute basis for the verdict if believed by the jury and as the jury evidently based its verdict of conviction upon such evidence and the trial judge

has refused to set aside that verdict, it is the duty of the appellate Court to assume that the jury was justified in the result reached and not to interfere with the judgment.

For the reasons stated, the judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.