G. F. LLOYD, *et vir*, v. JESSIE COPPS, MIKE COPPS, JR., NELLIE STILL, *et al.*

171 So. 673.

Opinion Filed December 31, 1936.

*Getzen & Getzen,* for Appellants.

. No appearance for Appellees.

PER CURIAM.—The appellants filed suit to foreclose a mortgage securing the payment of a note in the sum of $400.00.

The amended answer set up as a defense that the transaction constituting the basis for the mortgage and note was usurious. It averred that the lendor has exacted and received the sum .of $80.00 in advance as interest and had only delivered to the borrower $320.00 and had thereby charged and received 25% interest. It is alleged that the money loaned was from the funds of J. L. Lloyd and the note was made payable to his wife at the direction of J. L. Lloyd with intent on his part to evade the usury laws of the State of Florida.

Testimony was taken before the Chancellor. The Chancellor found in favor of the defendants, dismissed the bill of complaint and taxed the costs in the sum of $24.00 against J. L. Lloyd.

It is contended that the court erred in taxing the costs against J. L. Lloyd, and that the court erred in entering final decree dismissing the bill of complaint.

There is ample legal evidence to support the findings of the Chancellor. The contention that costs could not be taxed against J. L. Lloyd because he was not a party to the suit in his individual capacity is not tenable. The suit was brought in the name of G. F. Lloyd joined by her next friend and husband, J. L. Lloyd. It being shown by the record that J. L. Lloyd was the husband of G. F. Lloyd, it was necessary to join him as a party to this suit and as he, in the capacity in which he was sued, had control of the litigation on behalf of the complainant, the Court had the power to tax costs against him. The Court had jurisdic-

tion of him for the purpose of taxing costs against him in a suit instituted by him for his wife. So the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.