**JOHN H. MOORE, JR., as Co-Administrator, etc., et al., v. CAROLINE KEARLEY HUNTER.**

13 So. (2nd) 909                                             June Term, 1943
June 11, 1943                                                    Division A

*McCarthy, Bond & Lane,* for Appellant John H. Moore, Jr., as co-administrator, *Jos. S. White,* for Appellants Virginia Kearley and William Seward Kearley.

*Manley P. Caldwell* and *Marshall B. Wood,* for appellee.

TERRELL, J.:

In October, 1939, appellee and Seward C. Kearley were husband and wife but had become estranged and were not living together. In contemplation of divorce, they entered into a property settlement whereby Kearley agreed to convey the property involved in this litigation to appellee, reserving a life estate for himself; the property was the home on which they had resided and the deed was to be executed when the divorce was granted.

Suit for divorce was filed in July, 1940, and came on for final hearing September 13th following. The final decree contained the following recitation:

"And it further appearing to the Court that in lieu of alimony, *the defendant has delivered to the plaintiff a deed of conveyance to certain real estate in Palm Beach County, Florida,* reserving a life estate unto himself, and has delivered a sum of money to her and agreed to deliver certain furniture to her, all of which has been accepted by the plaintiff, in lieu of alimony and suit money."

The deed was in fact dated September 10, 1940, three days before the divorce decree was granted, was acknowledged September 11, and recorded in the public records of Palm Beach County September 16, three days after the divorce and was then mailed to appellee. Mr. Kearley died in January, 1942, at which time the life estate terminated. Appellee then took possession of the property but found her claim to it contested by a former wife and two children of the deceased based on the alleged invalidity of the deed from Kearley to appellee.

In April, 1942, bill of complaint was filed in Palm Beach County, the locale of the property, to quiet the title. The bill

alleges the foregoing facts and that appellee was subsequently married to J. D. Hunter, that the former wife and children of Mr. Kearley claim an interest in the land based on the fact that at the time the deed was executed and delivered, it was the homestead of the parties. It was also alleged that Mr. Kearley held a mortgage on the property at the time the deed was executed and that the parties who executed the mortgage conveyed it to Mr. Kearley in satisfaction of the mortgage but no satisfaction was ever placed on record. The bill made the administrators of Kearley's estate parties defendant and concluded with the usual prayer to quiet title.

The Kearley children moved to dismiss the bill. Decree pro confesso was entered against Mrs. Kearley as widow and as one of the administrators. The other administrator, John H. Moore, Jr., filed a disclaimer. The Kearley children also filed an answer to the bill. On final hearing, the chancellor found for the complainant and taxed the costs to the defendants. This appeal was prosecuted.

It is first contended that the allegations of the bill of complaint are insufficient as against a claim that the deed attempts to convey the homestead which the husband could not do without the joinder of his wife.

To support their contention, appellants rely on the underlined recital in the decree of divorce, to wit: "the defendant has delivered to the plaintiff a deed of conveyance to certain real estate in Palm Beach County," that the deed was executed and delivered while the parties were husband and wife and is void as an attempt to convey the homestead.

In our view, the allegations of the bill were ample to withstand a motion to dismiss and the evidence shows without question that the recital in the final decree was in error, that the deed was delivered after the divorce was granted and was executed in contemplation of divorce as per an agreement for that purpose. It is true that a deed to the homestead is void unless joined in by the wife. Byrd v. Byrd, 73 Fla. 322, 74 So. 313, but appellants fail to bring themselves within this rule. The deed was executed and delivered after the settlement agreement, when the grantor was unmarried and

when the lands conveyed had lost their homestead character. Miller v. West Palm Beach Atlantic National Bank, 142 Fla. 22, 194 So. 230.

It is next contended that this suit was in fact brought to correct a judicial error in the final decree of the Circuit Court of Broward County and that it should have been brought in that county rather than in Palm Beach County.

The final decree referred to was the divorce decree but there is no basis whatever in the record for this contention. It is true that the divorce suit was brought in Broward County but the instant suit is one to quiet title, the bill of complaint contains no reference to the divorce suit and it is beside the question as the incorrect recital in the divorce decree was one of fact that is not conclusive as to this case.

The third and last question argued charges as error that part of the final decree taxing costs against John H. Moore, Jr., the administrator of Kearley's estate.

The administrator filed a disclaimer when service was made on him; the estate was in no sense interested in the litigation and there is no basis whatever for imposing any portion of the costs against it. We are not unmindful of the rule that costs in equity may be awarded in the sound discretion of the chancellor; at the same time there must be a basis on which to predicate the chancellor's discretion. It must have reason or something on which to stand.

The judgment appealed from is affirmed except as to the matter of costs and as to this, it is reversed.

Affirmed in part, reversed in part.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.