63 So.2d 334 (1953)
SPENCER
v.
YOUNG.
Supreme Court of Florida, Special Division A.
February 27, 1953.
*335 John C. Sullivan and Benjamin E. Carey, Miami, for appellant.
Hyzer & Lund, Miami, for appellee.
WHITE, Associate Justice.
This is an appeal from a final decree dismissing plaintiff's bill of complaint, which sought to establish a partnership between plaintiff and defendant in a certain business enterprise. The decree was entered upon recommendations of a Special Master in Chancery to whom the case had been referred with directions to make findings.
The question for determination now is whether or not the Chancellor was correct in overruling plaintiff's exceptions to the Master's findings and in accepting the Master's conclusions regarding the truth of the facts in issue.
Here, much of the testimony was in conflict. The Master's findings were based upon his judgment as to the credibility of the witnesses. Having seen and heard the witnesses, the Master was in a position to determine the facts, superior to one who examines only a cold printed record. Accordingly, the Master's decision should be treated as "presumptively correct". In such a case, the Chancellor may not set aside the findings of the Master unless they are "clearly erroneous" or against the clear weight of the evidence. See Fletcher Equity Pleading and Practice, page 620. In a recent case the Supreme Court of the United States has said that a choice between two permissible views of the weight of evidence is not "clearly erroneous". U.S. v. Yellow Cab Co., 1949, 338 U.S. 338, 70 S.Ct. 177, 94 L.Ed. 150.
Applying that principle to the case at bar, leads to the inescapable conclusion that the Chancellor was without error in following the recommendation of the Special Master.
Appellee complains that the Chancellor was in error in assessing court costs against him. In a Chancery suit the Chancellor has a discretion in the matter of assessing costs, but this is a sound judicial discretion and, in view of the issues presented and the final result of the action, it was an abuse of discretion to assess the costs against defendant in the case at bar. Costs should have been assessed against the losing party.
The lower court allowed a fee of $400 to the Special Master. We again call attention to Statute 62.07, F.S.A., prescribing fees for a Special Master in a case of this character. Compensation fixed for Masters by the Statute proves inadequate in many cases, but the problem is a legislative one, and until changed, courts are bound to the present statute.
Affirmed in part and reversed in part.
TERRELL, Acting Chief Justice, and SEBRING and ROBERTS, JJ., concur.