Earl G. ARONSON, Administrator of the Estate of Flora Ritta Mae Aronson, Deceased, etc., Appellant,

v.

George A. McDONALD, Appellee.

No. 15381.

United States Court of Appeals Ninth Circuit.

Oct. 15, 1957.

Maurice T. Johnson, Fairbanks, Alaska, for appellants.

Collins & Clasby, Charles J. Clasby, Fairbanks, Alaska, for appellee.

Before LEMMON, FEE and BARNES, Circuit Judges.

LEMMON, Circuit Judge.

This is an appeal from a judgment in favor of appellee, defendant below, in an action brought under the Alaska wrongful death statute[1] by appellant Earl G. Aronson, as administrator of the Estate of Flora Ritta Mae Aronson, deceased, for the benefit of the surviving husband, Earl G. Aronson, and children of the decedent: Earlene A. Roberts, Betty C. Howard, and Earl G. Aronson, Jr. The case was tried to the judge who found appellant's intestate guilty of contributory negligence and held that she had assumed the risk of the defective automobile in which she was riding at the

[1]. Sec. 61-7-3, A.C.L.A.1949, as amended by Chapter 89, S.L.A.1949, as amended by Chapter 153, S.L.A.1955.

time of the fatal accident. From the judgment entered in favor of defendant, this appeal is prosecuted. Several points are urged for reversal. The only one which deserves serious consideration is the attack upon that part of the judgment which awards a personal judgment against Earl G. Aronson, as an individual and not in his capacity as administrator.

An extended statement of the facts is not needed. Suffice it to recount that appellant's intestate was riding as a passenger, with other persons, in an automobile owned by appellee, and driven by his wife, Naomi McDonald, on Richardson Highway in Alaska between Copper Center and Valdez; that the hydraulic brake line was broken during the trip and all the fluid was lost, leaving the automobile without adequate foot brakes. All of the parties in the automobile were acquainted with the faulty condition of the brakes and were aware of the fact that fog rendered visibility very low. The danger of proceeding was discussed by the parties in the automobile, two of the passengers expressing the desire that the brakes be repaired before proceeding. With knowledge of the condition they all finally elected to continue on the journey to Valdez. In order to do so it was necessary to cross Thompson Pass and descend a long grade. Traversing the grade without brakes, the car gained momentum which could not be stopped by the driver. The car left the highway, turning over several times, killing two of the passengers, including appellant's intestate, and injuring two of the others.

The court found Mrs. McDonald to have been negligent in operating the vehicle without adequate brakes and that her negligence was one of the proximate causes of the accident. The contributory negligence of appellant's intestate was found in her continuing to ride in the vehicle without remonstrance or objection and with knowledge of the defective brakes; she assumed the risk of proceeding in the face of the danger and peril inherent in the operation of the vehicle under the conditions existing and the negligence on her part was one of the proximate causes of her fatal injuries.

■ Although appellant asserts otherwise, these findings find ample support in the record. After discovering the brake failure and before descending the grade, one of the passengers asked that they stop and hold a prayer meeting. This was done. Following the prayer meeting, and, apparently all being satisfied that their prayers would be answered and see them safely through the dangerous descent, they proceeded without objection from anyone. As the car gathered speed, the driver sought to slacken the speed by using the hand brake. That brake soon began to smell and the car gained momentum, the hand brake having become completely ineffective through the burning of the brake lining. The driver attempted to bring the car into a lower gear. The automobile was equipped with a semi-automatic transmission. In so attempting she put the transmission into neutral.

Complaint is made that the court refused, at the time of trial, appellant's motion to increase the ad damnum clause in his complaint. The above findings render this ruling moot and the propriety of it need not detain us.

Additionally, by consent of counsel ruling upon the motion was by the court's announcement continued until determination of liability; the question of liability being, by consent of all counsel, first tried, the court stating, "if liability is established, then of course the ruling (upon the request to increase the damages prayed for) would be very germane".

■ Prejudicial error is claimed as the result of the court's refusal to admit in evidence a topographic map of the area where the accident occurred. The person who prepared the map was not produced as a witness, but appellant asserts that it was admissible upon proof that it correctly represented the scene.

This is true as an abstract proposition. However, in this instance, there were

written on the map lines and figures apparently indicating various degrees of grade of the highway which the evidence disclosed were placed thereon by a party who was not produced as a witness. Appellee's objection upon the ground of hearsay was properly sustained.

■ Finally, we come to the one plausible contention advanced by appellant. It relates to the propriety of the personal judgment for costs and disbursements against the administrator. Appellant brought the action in his representative capacity as administrator. The children are mentioned only as persons who were damaged as a result of the alleged wrongful death and are not individually or collectively parties to the suit, except as beneficiaries.

The pertinent statute provides, "The personal representatives * * * may maintain an action * * * for an injury done * * * and the amount recovered, if any, shall be exclusively for the benefit of the decedent's husband or wife and children * * *"[2]

It is evident that the action authorized by the law and here involved is for the benefit of the surviving husband and children. The administrator brought it under the authority of the statute for the exclusive benefit of those persons.

Sec. 55–11–65, A.C.L.A.1949, provides as follows:

"In an action prosecuted or defended by an executor, administrator, trustee of an express trust, *or a person expressly authorized by statute to prosecute or defend therein,* costs shall be recovered as in ordinary cases, but such costs shall only be chargeable upon or collected off *the estate, fund, or party represented,* unless the court or judge thereof shall order the same to be recovered off the plaintiff or defendant personally for mismanagement or bad faith in such action or the defense thereto."

The statute authorizes costs against all these parties, including Earl G. Aronson as one of the parties represented.

This action is brought by an administrator, a person expressly authorized by statute to prosecute it. Costs are chargeable to the estate or party represented (the surviving husband and children) unless the court orders the costs charged against the administrator "for mismanagement or bad faith in such action". There is no finding of mismanagement or bad faith; and, indeed, appellee expressly disclaimed any such contention.

The appellant objects that the wrongful death statute, Sec. 61–7–3, A.C.L.A. 1949, as amended, does not "disclose any right to assess costs against the personal representative of the deceased." But since no such assessment was made in this case against the administrator *qua* administrator, the question is moot.

It follows that the judgment is likewise correct in so far as taxation for costs against these parties is decreed.

The judgment is affirmed.