PER CURIAM.
This is the second appearance of this litigation in this court.[1] The appellant, plaintiff below, appeals a final decree in an action for an accounting based upon an alleged oral partnership agreement for the purchase of certain real property. The final decree adjudicated that the appellant had proved the partnership agreement and awarded the sum of $554.40 as one-half of the profits derived by the appellee from the sale of the real property. Costs were denied to both parties by the decree.
On appeal, the appellant makes two contentions, the first of which questions the award of $554.40, and the second, the court’s denial of costs to the appellant. We consider it unnecessary, in the light of the record and testimony, to discuss the first question because we find it to be without merit.
The chancellor’s failure to award costs we conclude was error. The appellant, who was plaintiff below, prevailed on the cause of action alleged in his complaint and was awarded a decree representing one-half of the profits received by the appellee from the sale of real property which was the subject matter of the partnership agreement. In the absence of anything in the record to the contrary, or any reason or justification why costs should not have been awarded the prevailing party, we conclude that it was an abuse of discretion for the chancellor to have failed to- award to the appellant taxable costs incurred in the prosecution of the action. As the Supreme Court of Florida observed in Spencer v. Young, Fla.1953, .63 So.2d 334, when commenting *667 on the assessment of costs in a chancery action:
“ * * * the Chancellor has a discretion in the matter of assessing costs, but this is a sound judicial discretion and, in view of the issues presented and the final result of the action, it was an abuse of discretion * * * in the case at bar. Costs should have been assessed against the losing party.”
See also 8 Fla.Jur., Costs, §§ 8-11.
Accordingly, that portion of the decree which denied costs to the appellant is reversed, and the cause is remanded for the entry of a cost judgment in favor of the appellant for those costs legally taxable.
Affirmed in part, reversed in part and remanded.

. 124 So.2d 314.