■ In the Matter of WILLIAM J. QUINN, an Incompetent Person. SHIRLEY R. LEVITTAN, Appellant; FRANCIS D. QUINN, Individually and as Committee, et al., Respondents.— Order, entered April 9, 1964, denying the application of the guardian ad litem of 19 infants for a fee and expense in an incompetency proceeding, unanimously reversed on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements on this appeal to appellant guardian ad litem and to all respondents except Frances Douglas Quinn, payable in each case by Frances Douglas Quinn, and a fee of $1,000 and provable expenses are awarded to the guardian ad litem payable by Frances Douglas Quinn individually. Prior to his death William J. Quinn was declared incompetent and his 1958 will declared null and void in a proceeding in which his wife Frances Douglas Quinn was represented, but not these 19 infants. Subsequently Mr. Quinn died and his 1956 will was admitted to probate on August 17, 1960 without objection by Mrs. Quinn. In 1963, however, she sought probate of the 1958 will and reopened, after the incompetent's death, this incompetency proceeding, by moving to vacate the ante-mortem order annulling the 1958 will. At this time these infants were named as respondents. Although this court affirmed a denial of the vacatur motion on appeal and held that the infants' interests under the 1958 will were foreclosed by the survivorship of an ancestor, respondents have failed to show that the position then taken by the guardian ad litem was without any legal merit. In view of the size of the potential interests of her wards she had a duty to take every reasonable step to assert their interests. Mrs. Quinn has been a party to this proceeding throughout and is the appropriate person to pay the fee and expenses of the guardian ad litem (CPLR 1204). She failed either to appeal from the ante-mortem order annulling the 1958 will or to object promptly to the probate of

the 1956 will, and yet she made necessary the appointment of a guardian ad litem in the view of the Justice then presiding at Special Term. Under these circumstances she may not contend that the infants were not necessary or proper parties and that the guardian ad litem's fee was not earned. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.