256 So.2d 65 (1971)
Dan J. FOLEY, Appellant,
v.
Wesley L. PECKHAM, Appellee.
No. 71-16.
District Court of Appeal of Florida, Third District.
December 21, 1971.
Rehearing Denied January 21, 1972.
*66 McCune, Hiaasen, Crum, Ferris & Gardner and Eugene L. Heinrich, Ft. Lauderdale, Preddy, Haddad, Kutner & Hardy, Miami, for appellant.
Lane, French, Lane, Carrier & Nichols, Miami, for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
CARROLL, Judge.
On September 17, 1962, the parties entered into a written contract whereby the appellant sold to the appellee all of the corporate stock of a corporation engaged in production and sale of aircraft parts and materials. The sale price was $50,000, of which $2,000 was paid at the outset. The balance was to be paid in monthly payments, based on a stated percentage of amounts represented by sales orders received and accepted by the corporation.
Five years later, on September 19, 1967, the appellant filed this action on the contract, alleging absence of payments thereunder, except for the down payment of $2,000 and $240 paid on December 22, 1964. Therein the plaintiff sought to have the defendant required to account for sales made in the interval and for a determination of the amounts due plaintiff therefrom.
The proceedings in the cause meandered through the court for three years, and were concluded by a final judgment entered on December 8, 1970. Thereby judgment was granted in favor of the plaintiff against the defendant for $38,535.91, based upon sales made by the corporation to November 19, 1970, with interest thereon of $11,240.79 and costs of $1,309.60. On an additional cost item, represented by the fee of $5,600 to a firm of accountants for their services in the cause, the court charged $4,600 thereof to the plaintiff and $1,000 to the defendant. The judgment made provision for payment to plaintiff of the remaining balance of the sale price by directing the defendant to account to plaintiff for the future sales periodically, and to make payments based thereon as provided for in the contract, with a requirement for payment of a minimum of $2,500 annually until the unpaid balance of the purchase price was paid.
This appeal was taken by the plaintiff from the final judgment. Appellant contends the trial court erred in five respects, namely: (1) by denying a motion filed by the plaintiff for disqualification of the judge; (2) by denying a motion of plaintiff's attorneys to withdraw, and for substitution of counsel; (3) by ordering an accounting instead of entering judgment for the balance due under the contract; (4) for limiting discovery by plaintiff; and (5) by charging as a cost against the plaintiff $4,600 of the fee of the accountants.
*67 The motion for disqualification, which was filed during the course of the proceedings, was properly denied by the trial judge. Reliance in the motion on adverse rulings in the cause was an insufficient predicate therefor. Suarez v. State, 95 Fla. 42, 115 So. 519; Peacock v. State, 124 Fla. 334, 168 So. 401. Moreover, in denying the motion the trial court correctly found that the affidavits in support of the motion were insufficient and did not conform to requirements therefor in the statute, § 38.10 Fla. Stat., F.S.A. See State ex rel. Jensen v. Cannon, Fla.App. 1964, 166 So.2d 625.
The motion for withdrawal of plaintiff's counsel and for substitution of other counsel by the plaintiff, coming as it did at a stage of the case when it did not appear that the withdrawal of plaintiff's attorneys of record would interfere with the efficient and proper functioning of the court, should have been granted, according to the authority of the later decided case of Fisher v. State, Fla. 1971, 248 So.2d 479. However, we hold that such error was harmless since substitution of counsel was effected later, and because of the subsequent final judgment favorable to the plaintiff.
We find no merit in the contention of the appellant that the court should have granted judgment for the balance due under the contract rather than to proceed through accounting for determination of the sales which had been made and the amounts due to the plaintiff therefrom. The contract did not provide for the deferred payments other than based on percentages of sales. A complication had resulted by defendant dissolving the corporation, and proceeding through another corporation. The conduct of the cause was the prerogative of and in the discretion of the trial court as to procedures essential therefor.
In view of the relief granted, by which the plaintiff was awarded judgment for amounts found to be then due, with provision for payment of the remaining balance of the purchase price, no harmful error was demonstrated by limitation of discovery by plaintiff, nor do we find from the record that the plaintiff was improperly so limited. The nature and extent of discovery is a matter to be controlled by the court in its sound judicial discretion. Rule 1.310 FRCP, 30 F.S.A.
We find merit in the final contention of the appellant that he should not have been charged with $4,600 of the cost represented by the accountants' fee. In our view it was an abuse of discretion to charge such cost item to the plaintiff rather than against the defendant.
In the early case of White v. Walker (1854), 5 Fla. 478, 503-504, the Supreme Court of Florida said: "As a general rule, prima facie, the prevailing party is entitled to costs, as well in equity as in law. Yet costs do not always follow the decree in favor of a party; they are in the sound discretion of the court, and are to be awarded or refused according to the justice of each particular case."
That and many later cases have stated the proposition that in equity suits the mandatory requirement of the statute (§ 57.041 Fla. Stat., F.S.A.) that "The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment" is not controlling, and that costs may be awarded in the discretion of the court as the facts and justice of the case may require  a rule which presently should apply to civil actions of the kind which formerly proceeded in equity. However, in an equity case the general rule that costs follow the judgment should not be departed from unless there are circumstances presented therein which render it unjust that the costs should be charged against the losing party. Moyers v. Coiner, 22 Fla. 422; Moore v. Hunter, 153 Fla. 158, 13 So.2d 909; Spencer v. Young, Fla. 1953, 63 So.2d 334.
In this case we do not observe from the record circumstances which would make it unjust to charge against the defendant the *68 costs in question. The circumstances of the case appear to be otherwise. The accountants were employed under the authority of the court, and the necessity for their services resulted from defendant's default, and from the failure of the defendant, prior to or during the suit, to make adequate disclosures as to past sales such as would reflect the amounts due therefrom to plaintiff. Although by seeking accounting in that regard the plaintiff invoked an equitable remedy, essentially this action was ex contractu, for recovery of damages for breach of contract, thereby making reasonable, if not legally requisite, application of the rule for costs to follow the judgment as provided for by § 57.041 Fla. Stat. F.S.A.
For the reasons stated the judgment appealed from is affirmed, except wherein it required payment by the plaintiff-appellant of $4,600 of the costs represented by the fee of the accountants. On remand of the cause it is directed that an order be entered amending the judgment to charge the fee of the accountants against the defendant-appellee.
Affirmed in part and reversed in part, and remanded.