PER CURIAM.
Appellants bring these appeals from post-judgment orders awarding costs to plaintiffs-appellees.
These cases arise from two similar quiet title suits involving more than one hundred defendants. Appellants were not parties to the original actions. Subsequently, appellants were made party defendants, and they contested the actions. Prior to final judgments, as stated by appellants, “Plaintiffs-appellees made peace with the primary defendants to the original causes who had vigorously contested the matters, namely Humble Oil and Refining, J. F. Jackson, Francine Warren Dills, the Youngs of Marshall R. Young Oil Company, and the Moncriefs and Moncrief Oil Company.” Appellants primarily contend that the orders appealed from do not attempt to apportion costs among various defendants or groups of defendants with the same interests.
The subject orders were apparently entered pursuant to motions by plaintiffs entitled “Application for Costs”. Numer *754 ous items submitted are highly questionable as to whether same constituted proper costs to be assessed against appellants. In Case No. U-77 (Trial Court’s Case # 71-C-500), the aggregate amount sought to be assessed was $674.37 and the amount assessed was $665.42. The trial court did not itemize the sums it found to be taxable in either cause; the respective orders simply granted the sums recited therein.
As stated in Moore v. Hunter, 153 Fla. 158, 13 So.2d 909 (1943):
“We are not unmindful of the rule that costs in equity may be awarded in the sound discretion of the Chancellor; at the same time there must be a basis on which to predicate the Chancellor’s discretion. It must have some reason or something on which to stand.”
Reversed and remanded for reconsideration by the trial court of the costs assessed.
RAWLS, C. J., JOHNSON, J., and SMITH, LARRY G., Associate Judge, concur.