## TOOPS v. FOOD FAIR STORES, Inc.
No. 75-16263.
Circuit Court, Dade County.
February 10, 1976.

Phillip J. Goldstein of Goldstein & Goldstein, Miami, for the plaintiff.

James Schmick of Hawkesworth, Kay & Schmick, Miami, for the defendant.

THOMAS E. LEE, Circuit Judge.

Following a jury verdict for the plaintiff, Harry Toops, plaintiff seeks to tax the costs of taking videotape depositions of two of plaintiff's doctors who practice in the Winter Haven, Florida area. The defendant objects, on the ground that plaintiff seeks to tax both the costs of the videotaping and the costs of a court reporter's stenographic transcription.

After plaintiff filed a motion to take videotape depositions, pursuant to Rule 1.310(b)(4) of the Rules of Civil Procedure, an agreed order was entered which provided in part — .

"(1) That either party may notice the taking of the depositions by videotape or stenographic means or both . . .

(4) That all said videotape depositions shall be taken before a court reporter so that a transcript will be available in addition to the videotape."

The depositions in question were taken by videotape means in order to avoid the expense of transporting two witnesses to Miami for trial. The stenographic transcription was made to enable counsel for the defendant to review the testimony, make objections to admissibility in whole or in part, and argue his objections before the court, prior to the trial of the cause.

Thus, although a court reporter's stenographic transcript, in addition to the videotape deposition, was expressly ordered by this court, without objection by the defendant, the defendant now objects to the taxation of these costs against it as the non-prevailing party.

Florida Statutes, §57.081(2), expressly authorizes the taxation of costs of a court reporter's transcription of depositions. As to the additional costs of taking videotape depositions, the rules, the statute and the cases clearly support the taxation of these costs against the non-prevailing party.

§57.041 authorizes, in general, the taxation of costs incurred in civil litigation. In construing that statute, the Third District Court of Appeal in *Gordon International Advertising, Inc. v. Charlotte County Land and Title* (1964) 170 So. 2d 59, held at page 61 —

"Costs as a compensatory monetary award to the winning party, is a judicial attempt to make the winning party as whole as he was prior to litigation, under the theory that the prevailing party should not lose anything, at least financially, by virtue of having established the righteousness of his claim."

While upholding the taxation of costs of preparation of expert witnesses, the court in *Conboy v. The City of Naples,* (Fla. 2d Dist., 1970) 230 So.2d 476 said —

"It [the statute] does not state that the cost of time for the preparaion of the expert witness opinion is not includable in the costs."

Further, in *Blynn v. Hirsch,* (Fla. 3d Dist., 1962) 132 So. 2d 667, and *Spencer v. Young* (1953) 63 So.2d 334, it was held to be an abuse of discretion not to tax costs in the absence of a showing as to why costs should not be taxed against the non-prevailing party.

Thus, it would appear that costs incurred in civil litigation are taxable against the non-prevailing party unless the statute expressly forbids them, or unless the non-prevailing party makes an adequate showing as to why the costs should not be taxed.

Rule 1.310(b)(4) specifically authorizes the taking of non-stenographic (videotape) depositions. Nowhere in the rules or in the case law is the taxation of these costs expressly forbidden. Further, the defendant has made no showing as to why these costs should not be taxed against it as the non-prevailing party. Indeed, it is difficult to perceive how such a showing would be possible.

By taking videotape depositions, plaintiff avoided the costs of having the two treating physicians travel to Miami for trial. The transportation costs, plus the expert witness fees normally charged by such witnesses for being away from their offices, would have exceeded the costs of taking videotape depositions. Since these transportation costs and expert witness fees are expressly taxable against the non-prevailing party — §§90.14, 90.231 — and since in fact, they would have totalled more than the costs of taking videotape depositions, it is difficult to perceive how the defendant could make a showing as to why these less expensive alternative costs should not be taxed. As is stated in the Advisory Committee Notes to Federal Rule 30(b)(4) (identical to FRCP 1.310 (b)(4) —

> "In order to facilitate less expensive procedures, pro-
> vision is made for the recording of testimony by other
> than stenographic means — e. g., by mechanical,
> electronic, or photographic means."

In accordance with the foregoing, the plaintiff's motion to tax costs of videotape depositions is granted.