## FORD MOTOR CREDIT COMPANY v. WHEELER
### Case No. 80-15503
Thirteenth Judicial Circuit, Hillsborough County
June 23, 1981

Marvin Solomon, for appellant.

Annabelle A. Wheeler, pro se.

GUY W. SPICOLA, Circuit Judge.

---

This is an appeal from the County Court of the Thirteenth Judicial Circuit of the State of Florida, in and for Hillsborough County.

This case came on for final hearing before the Honorable Michael N. Kavouklis on two separate occasions; namely, June 11, 1980, and October 2, 1980. Only the later hearing was transcribed.

The Appellant brought the action to collect a deficiency on a retail installment contract, which resulted when the proceeds from the sale of the repossessed vehicle were applied to the amount due on said contract. Appellant also sought interest, attorneys fees, court costs and repossession expenses.

On October 17, 1980, the trial judge entered a Final Judgment awarding Appellant $1,981.27. The Court further held:

"ORDERED and ADJUDGED that Plaintiff do not have and recover attorneys fees, court costs and a portion of the designed 'repossession expenses', the Court finding that demand for payment of the amounts claimed in the complaint by Plaintiff was not received by the Defendant nor made by the Plaintiff prior to Plaintiff filing this lawsuit and that certain repossession expenses requested are not reasonable."

The issues on appeal are:

1. Must Plaintiff under the circumstances of this case make a demand for payment before suit is filed in order to collect attorneys fees and court costs?

2. Did the trial judge abuse his discretion in determining that a portion of the repossession expenses were unreasonable?

We must respond in the negative to both questions. Section 57.041, Florida Statutes states:

"(1) The party recovering judgment *shall* recover all his legal costs and charges which shall be included in the judgment; . . . (Emphasis supplied).

Section 679.504, Florida Statutes provides:

"(1) A secure party after default may sell, lease or otherwise dispose of any or all of the collateral in its then condition or following any commercially reasonable preparation or processing. . . . The proceeds of disposition shall be applied in the order following to:

(a) The *reasonable* expenses of retaking, holding, preparation for sale or lease, selling, leasing, and the like and, to the extent provided for in the argument and not prohibited by law, the reasonable attorney's fees and legal expenses incurred by the secured party." (Emphasis supplied).

In the absence of any reason or justification why costs should not have been awarded to the prevailing party pursuant to Section 57.041(1), Florida Statutes, the appellate court will conclude that it was an abuse of discretion for the trial judge to fail to award to the prevailing party taxable costs incurred in prosecution of the action. *Blynn v. Hirsch*, 136 So.2d 666 (Fla. 3rd DCA 1962).

A demand by the plaintiff prior to institution of a suit may be under some circumstances be required in order to entitle the plaintiff to

recovery of costs. Under some statutes, and with respect to particular kinds of claims, demand by the plaintiff prior to institution of suit may be determinative of the right to recover costs. This case does not involve such a statute or claim. Even if it did, if the demand would have been futile, want of demand will not deprive a successful plaintiff of his right to costs and attorney's fees. Am. Jur.2d, *Costs* §21.

There is a distinction, however, between the costs incurred in prosecuting the action and repossession expenses under the circumstances of this case. There is no finding that either the costs or attorney's fees were unreasonable, only that plaintiff failed to make a demand. The trial judgment specifically found that certain of the repossession expenses were not reasonable. The record is void as to what specific repossession expenses he felt were unreasonable. Again, only the proceedings of one of the two days this case came on for final hearing was transcribed. Without a complete transcript to show the basis of the trial court's ruling, the appellate court will not assume there has been an abuse of discretion. *Wilhelm v. Adams*, 136 So. 397 (Fla. 1931).

The trial court's ruling on repossession expenses in AFFIRMED and the ruling on attorney's fees and costs is REVERSED and the case is REMANDED with directions for further proceedings consistent herewith.