419 So.2d 684 (1982)
Richard JOHNSON, M.D., Appellant,
v.
Franklin G. SCHNEEGOLD, As Personal Representative of the Estate of Steven M. Schneegold, a Minor, Deceased, and On Behalf of the Survivors, Franklin G. Schneegold, Individually, and Judith Schneegold, His Wife, Parents of Steven M. Schneegold; Morton F. Plant Hospital Association, Inc., and John Patrick Hanley, M.D., Appellees.
No. 81-2027.
District Court of Appeal of Florida, Second District.
August 25, 1982.
Rehearing Denied September 22, 1982.
*685 Kenneth C. Deacon, Jr., of Harris, Barrett & Dew, St. Petersburg, for appellant.
Stevan T. Northcutt of Levine, Freedman, Hirsch & Levinson, Tampa, for appellee Schneegold.
DANAHY, Judge.
Appellee Schneegold brought this suit as personal representative of the estate of his minor child, Steven, and on behalf of Steven's survivors (his parents) to recover damages for alleged medical malpractice resulting in Steven's death. The jury returned a verdict for the defendants. The defendants sought to tax costs against the survivors individually, but the trial judge awarded costs only against Schneegold in his capacity as personal representative of Steven's estate. The estate has no assets. One of the defendants brings this appeal from the judgment for costs, arguing that costs are taxable against the unsuccessful beneficiaries of a cause of action for the wrongful death of a minor. We affirm.
Costs are taxable only pursuant to a statute or rule. Lake Region Paradise Island, Inc. v. Graviss, 323 So.2d 610 (Fla. 2d DCA 1975). We find no statute or rule authorizing recovery of costs by a successful defendant against individuals who are represented by the plaintiff but who are not actually parties to the litigation. Section 57.041, Florida Statutes (1981), authorizes recovery of costs by a party recovering judgment, but does not state against whom costs may be awarded. The statute is entitled "Costs; Recovery From Losing Party." Costs generally are not recoverable against persons who are not parties to an action. Cf. Moore v. Hunter, 153 Fla. 158, 13 So.2d 909 (1943) (costs may not be awarded against defendant who disclaims any interest in subject of litigation).
The appellant bottoms his argument on principles of equity, justice and logic stemming, he contends, from the provisions of the wrongful death statute. Until 1972, Florida's wrongful death statute required that an action for the death of a minor child be brought by his parents. § 768.03, Fla. Stat. (1971). In 1972 the legislature amended the act to provide that an action for wrongful death must be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate. Ch. 72-35, § 1, Laws of Fla.; § 768.20, Fla. Stat. (1981). There is a provision in the wrongful death statute for the deduction of litigation expenses from awards made to survivors, but there is no provision authorizing recovery of costs against such survivors by a successful defendant.
No authority has been cited to us, nor have we found any, which supports the proposition that in the absence of an authorizing statute, costs may be recovered against persons represented in an action who are not actually parties to that action. The only judicial decision known to us allowing recovery of such costs from represented persons was based on a statute clearly authorizing that recovery. Aronson v. McDonald, 248 F.2d 507 (9th Cir.1957).
The appellant's position points out an apparent legislative oversight in the 1972 revision of the wrongful death act. It does seem unfair to deny recovery of costs in this action against the individuals for whom the representative plaintiff brought the action. However, this court cannot judicially extend the statute beyond its perimeter.
For the foregoing reasons, we AFFIRM.
HOBSON, A.C.J., and GRIMES, J., concur.