PER CURIAM.
Bill Colon appeals from a final judgment in a case involving a protest of election returns.
Appellant filed a protest pursuant to Section 102.166(2), Florida Statutes (1988) and alleged that the election returns for the Sunrise city municipal elections were fraudulent. Appellant requested the court to grant appropriate relief, including the invalidation of the votes from two precincts.
The trial judge appointed an attorney to conduct an investigation. The attorney’s report, and his testimony at the hearing, indicated that he found no evidence of fraud. After hearing additional testimony, including appellant’s, the court entered a final judgment which found a complete absence of fraud in the election returns. The judgment also taxed attorney’s fees and costs against appellant.
We have carefully reviewed the record and find no evidence of fraudulent activity involved in the election returns. Thus, the trial court properly denied appellant’s request to invalidate the votes from the two precincts. However, we find that the trial court improperly taxed attorney’s fees and costs against- appellant.
“The law is well established in Florida that costs, expenses and attorney’s fees cannot be awarded by a court in a suit unless such award is authorized by statute or by agreement of the parties.” Lang v. Lang, 252 So.2d 809, 813 (Fla. 4th DCA 1971); Estate of Hampton v. Fairchild-Florida Construction Co., 341 So.2d 759 (Fla.1976); Johnson v. Schneegold, 419 So.2d 684 (Fla. 2d DCA 1982). We find neither a statutory provision nor any agreement to support the awards of fees and costs in this case.
Accordingly, we reverse that portion of the final judgment which taxed attorney’s fees and costs against the appellant.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
DOWNEY, HURLEY and DELL, JJ., concur.