NESBITT, Judge.
Potter Palmer IV (Palmer) appeals an order requiring him to pay costs, guardian ad litem fees and the guardian’s attorney’s fees. We reverse.
In 1971, Rose Palmer O’Neil created three trusts for the benefit of her three children. She named her husband, John H. O’Neil, Jr., as trustee. In 1981, Palmer, the children’s uncle, as next friend of the two children who were still minors, filed a petition seeking removal of O’Neil as trustee on the grounds that he had mismanaged assets and engaged in self-dealing. Palmer also filed a motion seeking his appointment as guardian ad litem for the two children. Eventually, an agreed order was entered appointing Mallory H. Horton as guardian ad litem, and Horton was substituted as party plaintiff.
Horton hired the law firm of Barranco, Kellough and Kircher, P.A. to represent the children’s interests and proceeded on the petition filed by Palmer, which was based on two actions allegedly taken by O’Neil, only one of which is relevant to our discussion. In 1978, O’Neil, in his capacity as trustee, purchased seventy-five shares of stock in Rose Broadcasting Company, titled in the children’s trusts. Three years later, after the stock had allegedly increased in value, O’Neil purchased the stock from the trusts in his own. name, at the same prLe per share which the trust had paid three years earlier. This obviously placed O’Neil in a position from which he could realize significant personal gain. The trial court found that O’Neil’s actions were improvident and improper, but not sufficient to justify removal.[1] The trial court’s order on this matter was not appealed.
After the action was complete, the guardian and his attorney moved for assessment of attorney’s fees, guardian fees and costs against Palmer or, in the alternative, against O’Neil, individually and as trustee. The trial court denied Palmer’s motion to dismiss the request, characterizing him as an interloper, and granted the guardian’s motion, awarding $10,000 in attorney’s fees,[2] $1,250 in guardian fees[3] and $430.55 in costs, to be paid by Palmer.
We note at the outset that we reject Palmer’s contention that the trial court was without jurisdiction to assess fees against him as next friend. See Lloyd v. Copps, 126 Fla. 715, 171 So. 673 (1936) (court has jurisdiction over next friend for purposes *905 of assessing costs). We find, however, that on the facts of this case, the trial court abused its discretion in assessing fees and costs against Palmer.
First, once the guardian ad litem was appointed, Palmer had little further contact with the litigation and he by no means “controlled” the litigation, as the supreme court found the next friend in Lloyd had done. The guardian and his counsel made their own determination that continuation of the action was justified, which brings us to the second reason for finding an abuse of discretion.
While the petition did not accomplish removal of O’Neil as trustee, it did produce a finding that his actions were improper and it prodded a return of the stock to the trust. In other words, Palmer instituted a meritorious suit, necessitated by O’Neil’s improvident conduct and continued by the guardian ad litem, which resulted in some benefit to the trust.[4]
As a matter of public policy it would be unwise to discourage the next friend procedure, designed to provide judicial protection of minors and other incompetents, by assessing costs and fees against next friends in situations where they have no control over the continuation or scope of the litigation. Where, as here, a next friend initiates a meritorious suit which results in some benefit to the trust, but is replaced by a guardian ad litem who continues the action to an unsuccessful conclusion, it is an abuse of discretion to assess fees and costs against the next friend. See Barredo v. Skyfreight, Inc., 430 So.2d 513 (Fla. 3d DCA 1983) (an abuse of discretion to tax receiver’s expenses against unsuccessful plaintiff where trial court found that the defendant’s reprehensible conduct necessitated appointment of a receiver); Johnson v. Taylor, 116 So.2d 480 (Fla. 3d DCA 1959) (abuse of discretion to assess costs against a beneficiary who was unsuccessful in removing a trustee, but whose action resulted in an audit beneficial to the estate); McAllister v. McAllister, 184 A. 723 (N.J.Ch.1936) (trustees ordered to pay complainant’s counsel fees in unsuccessful attempt by the beneficiary to have trustees removed because suit necessitated by trustees’ improper investment); In re William J. Quinn, 23 A.D.2d 548, 256 N.Y.S.2d 309 (1965) (party whose conduct necessitated the appointment of the guardian ad litem is liable for the guardian’s fees where the action, while unsuccessful, was meritorious).
Finding an abuse of discretion, we reverse and remand with directions to assess the costs[5] and fees against the trust estate. See Davis v. American National Bank, 672 S.W.2d 182 (Mo.Ct.App.1984) (not an abuse of discretion to tax guardian fees against trust corpus where trustee successfully defends action). Cf. Weinstein v. Nash, 339 So.2d 700 (Fla. 3d DCA 1976) (not an abuse of discretion to assess unsuccessful plaintiff’s attorney’s fees against estate where will contest justified), cert. denied, 351 So.2d 409 (Fla.1977).
Reversed and remanded with directions.
DANIEL S. PEARSON, J., concurs.

. It is significant to note that O’Neil, simultaneous with answering the complaint, transferred the stock back to the trust, thereby reversing his improvident act and preventing the trust corpus from being in any way diminished.

. See § 744.424, Fla.Stat. (1983).

. See § 744.108, Fla.Stat. (1983).

. We express no opinion, as the question is not before us, as to the extent of a next friend's responsibility for fees where the suit initiated is totally devoid of merit. See § 57.105, Fla.Stat. (1983).

. A court may, in the exercise of its equity jurisdiction, award costs as justice requires. Akins v. Bethea, 160 Fla. 99, 33 So.2d 638, 640 (1948). Its orders are, however, reviewable for abuse of discretion. Moore v. Hunter, 153 Fla. 158, 13 So.2d 909 (1943). Our discussion of the trial court’s abuse of discretion with regard to the award of fees applies equally to the award of costs.