PER CURIAM.
Following this court’s opinion in Cohen v. Champlain Towers North Associates, 452 So.2d 989 (Fla. 3d DCA 1984), the matter recurred in the trial court and a final judgment was rendered in favor of Sylvia Cohen. Thereafter a motion for attorney’s fees was heard at which time a fee agreement was disclosed requiring a $2,000 retainer plus one-third of any recovery. The trial court heard evidence and found the agreement to be reasonable and awarded to Sylvia Cohen, as the successful party, attorney’s fees against Champlain Towers in accordance with the agreement. Thereafter the matter came on for hearing before a successor judge on a motion to tax costs, at which time the successor judge denied all relief on the basis that she thought the attorney’s fee award was excessive.
Champlain Towers appeals the award of attorney’s fees contending that the trial counsel were not entitled to fees because they lost the case in the trial court and Sylvia Cohen, the client, ultimately prevailed only because of the appellate proceedings.
Sylvia Cohen appeals the denial of the costs as an abuse of discretion by the trial court.[2]
We affirm the award of attorney’s fees. The reversal in this court, with instructions to enter judgment for the plaintiff upon the trial record made by the trial counsel, certainly entitled them to fees. They made the record which established the plaintiff’s right to recover. They are not to be held responsible for the trial court’s erroneous ruling in the first instance. We reverse the denial of the cost judgment because once the attorney’s fees were found to be reasonable, albeit by a former judge, it was an abuse of discretion to deny costs because the successor judge found the award of attorney’s fees to be unreasonable. In an equity proceeding a cost award is made in the exercise of discretion by a trial court, Foley v. Peckham, 256 So.2d 65 (Fla. 3d DCA 1971); Blynn v. Hirsch, 136 So.2d 666 (Fla. 3d DCA 1962), but to deny costs on the ground indicated in the instant case, is a clear abuse of discretion. We will therefore return the matter to the trial court to determine the propriety of the motion to tax costs.
*1261 Affirmed as to the award of attorney’s fees and reversed and remanded as to the denial of costs.
BARKDULL and HUBBART, JJ., concur.

. These appeals were consolidated.