PERKINS, T.R., Associate Judge.
Charles Kadlecik appeals the trial court’s attorneys’ fees award to prevailing wrongful death defendants, Y. Daniel Haim, M.D., and Central Florida Pulmonary Group, P.A. (collectively, “the appel-lees”). We reverse the trial court’s order directing that Mr. Kadlecik, as survivor, pay the awarded fees.
Mr. Kadlecik’s wife, Linda Kadlecik, died during a medical procedure performed by Dr. Haim at Florida Hospital. As personal representative of the Estate of Linda Kadlecik, Mr. Kadlecik filed a wrongful death claim against the appellees and Florida Hospital, seeking survivor damages and the Estate’s loss of net accumulations. After the claims against Florida Hospital settled, Mr. Kadlecik apportioned the entire settlement to his sole survivor claims. Before trial, the appel-lees served settlement proposals on Mr. Kadlecik, as personal representative of the Estate. These offers were rejected. The wrongful death claim proceeded to jury trial, and resulted in a judgment in favor of the appellees, which this Court affirmed. Kadlecik v. Haim, 53 So.3d 237 (Fla. 5th DCA 2011). The trial court further awarded attorneys’ fees and costs of $202,592 against Mr. Kadlecik, as personal representative of the Estate, for failing to accept the proposals of settlement, which this Court also affirmed. Kadlecik v. Haim, 66 So.3d 948 (Fla. 5th DCA 2011). The appellees then petitioned the probate court to apportion Florida Hospital’s settlement proceeds for the amount of their fee awards or, in the alternative, to surcharge the personal representative. After a hearing, the trial court ordered Mr. Kad-lecik to pay the awarded attorneys’ fees “sixty (60) days prior to distributing the remaining settlement proceeds and assets to himself as the sole survivor.”
On appeal, Mr. Kadlecik claims that attorneys’ fees awarded against the personal representative cannot be recovered against funds allocated to a survivor under the Wrongful Death Act. Because this appeal only challenges the entitlement to attorneys’ fees, our review is de novo. Allstate Ins. Co. v. Regar, 942 So.2d 969, 971 (Fla. 2d DCA 2006).
Under Florida’s Wrongful Death Act, an estate’s personal representative brings all claims on behalf of both the estate and the decedent’s survivors. §§ 768.16-.26, Fla. Stat. (2010). The personal representative has the exclusive authority to conduct litigation and settle all claims. Thompson v. Hodson, 825 So.2d 941 (Fla. 1st DCA 2002); Pearson v. DeLamerens, 656 So.2d 217 (Fla. 3d DCA 1995). The survivors are not parties to the wrongful death litigation, even when the claims are brought for their benefit. Accordingly, it is error to award attorneys’ fees against the survivors because the personal representative is the only person with authority to settle the claim and the individual survivors cannot be fairly said to have rejected an offer of settlement. See Beseau v. Bhalani, 904 So.2d 641, 642 (Fla. 5th DCA 2005) (holding that entry of judgment against survivor was erroneous as, despite being individually named on complaint, she was not proper party to proceeding); Thompson, 825 So.2d at 952 (holding that attorneys’ fees cannot be assessed against survivors in wrongful death action based on offer of judgment since personal representative alone has authority to settle and survivors cannot be said to have rejected offer of settlement).
The appellees contend that allowing a survivor to escape all liability to a prevailing defendant in a wrongful death *894 action is contrary to the language of section 768.26, which states:
Attorneys’ fees and other expenses of litigation shall be paid by the personal representative and deducted from the awards to the survivors and the estate in proportion to the amounts awarded to them, but expenses incurred for the benefit of a particular survivor or the estate shall be paid from their award.
Although this provision does allow for the deduction of litigation expenses from awards made to survivors, it only applies to fees and costs incurred by attorneys representing the survivor and not for attorneys representing the prevailing defendant. As observed by the First District in Thompson:
Despite its decades-long existence, the [Wrongful Death] statute has never been cited as authority for recovery of fees from survivors by the opposing party. Cases construing section 768.26, Florida Statutes generally address the question of fees due to the personal representative’s attorney. See, e.g., Wiggins v. Estate of Wright, 786 So.2d 1247, 1249 (Fla. 5th DCA 2001) (discussing the allocation of fees among the personal representative’s attorney and attorneys hired by other beneficiaries); In re Estate of Catapane, 759 So.2d 9, 11 (Fla. 4th DCA 2000) (same); Adams v. Montgomery, Searcy & Denney, P.A., 555 So.2d 957, 958 (Fla. 4th DCA 1990) (same). As the Catapane court noted, “Section 768.26 provides for payment of counsel selected by the personal representative .... ” Catapane, 759 So.2d at 11.
825 So.2d at 951.
Of course, a prevailing defendant in a wrongful death case may recover fees from the estate when the personal representative rejects a reasonable offer of settlement. See In re Estate of Bronk, 502 So.2d 65 (Fla. 1st DCA 1987); accord Walker v. Bozeman, 243 F.Supp.2d 1298 (N.D.Fla.2003) (holding that award of attorneys’ fees under Florida’s offer of judgment statute in favor of defendant in wrongful death action could not be recovered from survivors, but only from personal representative as claim against estate). Accordingly, the trial court properly awarded attorneys’ fees and costs against the Estate. Moreover, the trial court correctly recognized that the appellees had a Class 1 administrative claim against the Estate. However, where an estate has no viable claim in a wrongful death matter, the trial court cannot require that the personal representative apportion money to it. Consequently, the trial court’s requirement that Mr. Kadlecik pay the appellees’ fee claim before distributing the remaining settlement proceeds to himself as the sole survivor is contrary to current law and improper, because, in essence, it required that the claim against the Estate be paid from funds collected for the benefit of the survivor. See Thompson, 825 So.2d 941; see also Beseau, 904 So.2d 641; Puig v. Saga Corp., 543 So.2d 238 (Fla. 3d DCA 1989); Vendola v. S. Bell Tel. & Tel. Co., 474 So.2d 275 (Fla. 4th DCA 1985); Johnson v. Schneegold, 419 So.2d 684 (Fla. 2d DCA 1982).
The appellees attempt to distinguish Thompson and similar holdings by pointing out that Mr. Kadlecik was not just the personal representative and survivor but the sole survivor. However, Mr. Kadle-cik’s status as both the personal representative and sole survivor does not change the analysis or result. The awarded attorneys’ fees may only be collected from the Estate not the survivor.
The appellees complain that this construction of the Wrongful Death Act permits the survivors to reject reasonable of *895 fers of judgment with complete impunity.[1] Assuming arguendo that this is true, Florida’s courts have consistently applied this construction of the wrongful death statute since the 1982 decision in Johnson. In all that time, the Legislature has seen no need to correct this alleged deficiency.
For these reasons, the Order under review is hereby REVERSED.
ORFINGER, C.J., and MONACO, J., concur.

. A similar concern was raised regarding this "apparent legislative oversight” in Johnson, and echoed in the dissent in Thompson. Johnson, 419 So.2d at 685; see Thompson, 825 So.2d at 954 (Benson, J., concurring in part and dissenting in part) ("Today’s decision effectively immunizes plaintiffs in wrongful death actions against cost and fee awards under the offer of judgment statute, in defiance of the statutory directive....”).