759 So.2d 9 (2000)
In re ESTATE OF Richard C. CATAPANE, Deceased.
Dorothy Catapane, as Personal Representative of the Estate of Richard C. Catapane, and the Law Offices of David and French, P.A., as counsel for the Personal Representative of the Estate of Richard C. Catapane, Appellants,
v.
Nadine Catapane, minor survivor, By and Through her natural mother, Christina Kuchar, Appellee.
No. 4D98-2475.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
Rehearing Denied June 2, 2000.
*10 Andrew Merlo of Steven Serle, P.A., and Ronald A. David of David & French, P.A., Boca Raton, for appellants.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, West Palm Beach, for appellee.
KLEIN, J.
This appeal arises out of the settlement of a wrongful death action, and the dispute involves the allocation of attorney's fees between counsel for the personal representative, who was the decedent's wife, and counsel for the decedent's daughter by a prior marriage.
Richard Catapane died in an automobile accident, and the survivors included his wife, Dorothy, who was appointed personal representative, and his daughter from a prior marriage, Nadine. Dorothy, as personal representative, retained the David & French firm to pursue a wrongful death claim for all of the survivors. Nadine retained the Lytal, Reiter firm to represent her.
There was limited coverage for the accident and David & French filed a declaratory action, hoping to stack UM coverage, but it was unsuccessful. It was unnecessary for them to file a wrongful death action as the UM insurer offered its limits of $100,000 and the liability insurer offered its limits of $30,000.
The personal representative then sought court approval to settle for $130,000, and for apportionment, recognizing that there was a conflict of interest since Dorothy was both the personal representative and a claimant. The court approved the settlement and determined that Dorothy, as decedent's wife, would receive $35,000, with the remaining $95,000 going to Nadine. At the hearing, the law firms, which each had a one-third contingent fee contract, agreed, because of the limited recovery, to take a thirty percent fee. The court determined that Lytal, Reiter would receive thirty percent of Nadine's $95,000 recovery, and that David & French would receive thirty percent only out of Dorothy's $35,000 recovery.
David & French have appealed, arguing that, as counsel for the personal representative, they are entitled to their full contingent fee on the entire $130,000 recovery. Lytal, Reiter take the position that David & French are not entitled to any fee on the amount going to Nadine. We do not agree with either of their positions.
We first dispose of Lytal, Reiter's argument, which is grounded on the proposition that David & French is not entitled to a fee out of Nadine's recovery because David & French did not have a contingent fee contract with Nadine.
An action under Florida's Wrongful Death Act "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages [under the Act] caused by the injury resulting in death." See § 768.20, Fla. Stat. The personal *11 representative is also the individual having the power to settle such actions. See Pearson v. DeLamerens, 656 So.2d 217, 220 (Fla. 3d DCA 1995). Concomitant with those responsibilities is the personal representative's power to hire counsel. See § 733.612(19), Fla. Stat. Section 768.26 provides for payment of counsel selected by the personal representative:
Attorney's fees and other expenses of litigation shall be paid by the personal representative and deducted from the awards to the survivors and the estate in proportion to the amounts awarded to them, but expenses incurred for the benefit of a particular survivor of the estate shall be paid from their awards.
One of the purposes of our present wrongful death act, which was enacted in 1972, was to "eliminate the multiplicity of suits that resulted from each survivor bringing an independent action," which could occur under the prior act. Ding v. Jones, 667 So.2d 894, 897 (Fla. 2d DCA 1996). The Act obviously contemplates that one lawyer, selected by the personal representative, will pursue the tort claim for the benefit of the survivors who are entitled to recover damages. The only client David & French were required to have a contingent fee contract with, under the Act, was the personal representative.
Lytal, Reiter rely on Perez v. George, Hartz, Lundeen, Flagg & Fulmer, 662 So.2d 361 (Fla. 3d DCA 1995). Perez is distinguishable, however, because in that case the two survivors negotiated settlements before a personal representative was ever appointed. The facts were thus different from those in the present case, in which there was a personal representative. Adams v. Montgomery, Searcy & Denney, P.A., 555 So.2d 957 (Fla. 4th DCA 1990), is also distinguishable. Our opinion in Adams does not reflect whether there had been a personal representative appointed; however, counsel for the widow had refused to represent a daughter by a prior marriage on the ground that her claim was worthless. We held, under those circumstances, that counsel obtaining the settlement was not entitled to a fee out of the recovery obtained by the daughter.
We thus agree with David & French that under the Act they are entitled to be compensated, as counsel for the personal representative, out of the entire $130,000 recovery. We next address their contention that they are entitled to their full thirty percent.
The maximum contingent fee permitted by rule 4-1.5, Rules Regulating the Florida Bar, in this case, is one-third of the recovery. That fee, of course, contemplates that the lawyer represents the client on both liability and damages. If David & French were allowed the maximum fee under rule 4-1.5 while their conflict of interest required Nadine to hire her own counsel on damages, Nadine would be exposed to having to pay a fee in excess of that allowed by rule 4-1.5. Because David & French could not represent Nadine on damages, they are not entitled to their full fee on Nadine's portion of the recovery.
Judge Blackwell White, in her dissent, suggests that this interpretation of the Act renders it "meaningless"; however, her interpretation would expose Nadine to having to pay a maximum contingent fee allowed by the Florida Bar to counsel for the personal representative, where that counsel cannot ethically represent her on the issue of damages because of a conflict of interest. It would also expose her to having to pay a fee in excess of that allowed by our ethical rules, and we doubt that the legislature would have intended that. See also Rule 4-1.5(g) ("A division of fee between lawyers who are not in the same firm may be made only if the total fee is reasonable.").
We reverse and remand for the trial court to reconsider the award of attorney's fees to David & French consistent with our holding that they were entitled, as counsel for the personal representative, to be compensated out of the total recovery of $130,000. *12 Because of their conflict of interest[1] on damages, however, their fee which will come out of Nadine's portion of the recovery shall be reduced by an amount necessary to compensate Lytal, Reiter for representing Nadine on damages.[2] That fee would be small compared to David & French's fee, and the total of Nadine's fees cannot exceed a fee authorized by rule 4-1.5.[3]
TAYLOR, J., concurs.
BLACKWELL, WHITE, A., Associate Judge, concurs in part and dissents in part with opinion.
BLACKWELL, WHITE, A., Associate Judge, concurring in part and dissenting in part.
Although I agree with the majority that David & French are entitled to be compensated, as counsel for the personal representative, out of the entire $130,000 recovery in this case, I do not agree that they should be required to accept less than the agreed thirty percent contingency fee on that amount.
Florida's probate code supplies remedies to interested parties, including wrongful death survivors, if they believe that a personal representative will inflict injury on their interests by acting improperly, in bad faith, or in a transaction affected by a conflict of interest. See, e.g., §§ 733.609, 733.610, 733.619, Fla. Stat. Under section 733.6175, Florida Statutes, the code provides for proceedings to review the personal representative's employment of agents upon the petition of an interested person bearing all or part of the impact of the payment of compensation to the agent. Further, if a wrongful death survivor objects to the amount or apportionment of a settlement, then the settlement is not effective unless it is approved by the court. See § 768.25, Fla. Stat.
David & French took appropriate steps to mitigate any conflict of interest they may have had while apportioning the settlement fund in this case. When Dorothy, *13 as personal representative, filed a petition seeking approval of the settlement in the court below, she requested that the court appoint both a guardian ad litem "to assist the Court in evaluating the settlement for court approval and distributing the funds amongst all the `survivors' as defined by the Florida Wrongful Death Act" and a personal representative ad litem "to avoid any potential conflicts of interest or the appearance of impropriety" since she was both the personal representative and a survivor herself as Richard's widow. The court appointed an attorney unassociated with the case to fulfill both roles.
While survivors may prefer to hire independent counsel to protect their interests during the allocation of the settlement fund in a wrongful death claim, they should bear this added expense individually. In this case, Lytal, Reiter could have entered into a contract with Nadine in connection with the apportionment proceedings for an agreed upon fee or based on the reasonable value of its services. Other states under similar circumstances have reached the same conclusion. See, e.g., Standridge v. Standridge, 304 Ark. 364, 803 S.W.2d 496 (1991); Matter of Estate of Travarelli, 283 N.J.Super. 431, 662 A.2d 572 (App.Div.1995).
Accordingly, I would reverse the trial court's determination of entitlement to attorney's fees and remand for the entry of a fee award to David & French in accordance with their fee agreement. Any different result would render the language of section 768.26 meaningless.
NOTES
[1] We are not suggesting that David & French had a conflict of interest in representing Dorothy as personal representative and Dorothy individually prior to the time they obtained the settlement of $130,000. After the settlement David & French recognized that there was a conflict and took the proper steps to make that known to the trial court. Even if David & French had represented only Dorothy as personal representative, and not on her individual claim, David & French would still have been precluded, because of conflicting claims, from representing all survivors when it came time to apportion damages.

Conflicts among survivors in wrongful death claims are not unusual, particularly when there is a limited amount available to pay claims. Accordingly, counsel representing the personal representative should recognize that their attorney's fees may be less than that permitted by rule 4-1.5 in regard to survivors whom they cannot represent all the way to conclusion. And, counsel retained individually by survivors, and not by the personal representative, cannot expect to be compensated for work on those aspects of the case on which counsel for the personal representative has no conflict of interest. All of these problems can, of course, be obviated by the clients and their separate counsel agreeing in advance. We suspect that is what occurs in the vast majority of wrongful death cases.
[2] For example, assume the trial court on remand concludes that the work performed by David & French, as counsel for the personal representative, in obtaining the $130,000 settlement, would entitle them to ninety percent of the attorney's fees allocated to Nadine's recovery. David & French agreed to a thirty percent contingent fee. David & French would therefore be entitled to ninety percent of thirty percent of the $95,000 apportioned to Nadine. Lytal Reiter would receive the remaining ten percent of the thirty percent fee. David & French would, of course, receive their full thirty percent contingent fee on the settlement proceeds not apportioned to Nadine.
[3] Rule 4-1.5 authorizes fees in excess of those scheduled, if there is court approval. We are not precluding, by this opinion, survivors in wrongful death cases retaining their own counsel so as to expose them to fees in excess of those authorized by rule 4-1.5, so long as court approval is obtained pursuant to rule 4-1.5. We are assuming there was no such approval in this case.