STRINGER, Judge.
In this consolidated appeal, Wagner, Vaughan, McLaughlin & Brennan, P.A. (“the Wagner firm”) seeks review of two orders of the probate court awarding the Kennedy Law Group (“KLG”) the entire contingency attorney fee amount from $1.23 million in settlement proceeds. KLG represented the personal representative in settlement negotiations for a wrongful death action, and the Wagner firm represented two of the survivors. Because the Wagner firm did not perform work on any aspect of the case in which KLG had a conflict of interest, the Wagner firm was not entitled to any portion of the contingency fee at issue. Accordingly, we affirm the attorney’s fee awards.
The rulings were entered in Hillsbor-ough County probate administrations for Robert Earl Elmore and his wife, Thelma Lavone Elmore, who died as a result of injuries suffered in an automobile accident that occurred on June 27, 2005. The Elmores were survived by three adult sons, Gary Raymond Elmore, Larry Gene Elmore, and Robert Lynn Elmore. In August 2005, Gary was appointed sole personal representative of the Elmores’ estates pursuant to a provision in their wills. Larry and Robert both signed the forms approving Gary’s appointment.
Gary retained KLG to represent him in his capacity as personal representative, and KLG negotiated a settlement for the full proceeds of the tortfeasor’s $200,000 bodily injury insurance policy. On August 15, 2005, KLG distributed the net proceeds of the settlement to Gary, who divided the proceeds equally among the three brothers on August 19, 2005.
On August 17, 2005, Mr. Brennan of the Wagner firm wrote to Mr. Malkowski of KLG to inform him that he represented Larry Elmore and to propose a fee-sharing arrangement between their law firms for the ensuing wrongful death action. Mr. Brennan proposed that the two firms participate equally in handling a wrongful death action and split the attorney’s fees earned by whatever recovery could be obtained for Gary and Larry Elmore. Mr. Malkowski did not respond to this letter.
On August 19, 2005, the day Larry received his share of the proceeds of the bodily injury . settlement, Mr. Brennan wrote to David Whigham, who represented the Elmores’ estates in the probate action. Mr. Brennan stated that Larry “does not approve of the distribution apportionment.” Mr. Brennan asserted that Larry should have been given an opportunity to object to the apportionment of the funds in the probate court and that the probate court was required to approve the disbursement of the funds from the settlement. Mr. Brennan copied the letter to Mr. Malkowski of KLG and informed Mr. Malkowski that he did not have the authority to settle on behalf of Larry. Mr. Brennan requested that Mr. Malkowski immediately stop payment on the settlement checks and take no further action regarding the claim.
The Wagner firm then filed a petition in the probate court seeking the removal of Gary as the personal representative and the return of the settlement proceeds to the trust account so that Larry’s objections could be heard. The petition was denied as proeedurally deficient, and the Wagner firm did not make any further objections to the distribution of the settlement proceeds. Larry cashed his settle-
*744 ment check without taking any further action in the courts.
Shortly thereafter, KLG made a demand upon the Elmores’ insurer for its $2 million UM insurance proceeds. The insurer requested pre-suit mediation. On the morning of mediation, Robert Elmore retained Mr. Brennan of the Wagner firm to represent him in the proceedings. Mr. Brennan and Mr. Malkowski accompanied the three Elmore brothers to the mediation. The mediation produced a settlement of $1.23 million.
Mr. Brennan memorialized his clients’ positions in a letter to Mr. Malkowski at the end of the day of the mediation. Mr. Brennan asserted that the case “could have and should have settled” higher than it did and that Larry and Robert’s claims were worth more than Gary’s but stated they were willing to approve the settlement in exchange for a one-third distribution to each brother. The probate court approved the UM settlement, and the parties proceeded to an evidentiary hearing on attorney’s fees. It was at this hearing that the probate court determined that the Wagner firm was not entitled to a portion of the attorney’s fee award because Larry and Robert did not have any competing claims with Gary.
The Wagner firm raises three issues on appeal. First, the Wagner firm argues that the probate court erred in awarding KLG the entire fee because the Wrongful Death Act does not provide for fees incurred if the case settles before suit is filed. Second, the Wagner firm argues that the probate court erred in awarding KLG the entire contingency fee because there was a conflict of interest between Gary and his brothers that precluded KLG from collecting attorney’s fees for work done for the brothers. Third, the Wagner firm alternatively argues that it did not have to show that Larry and Robert had a competing claim in order to be entitled to fees under the act. None of these arguments merits reversal.
The fee provision at issue is set forth in section 768.26, Florida Statutes (2005). It provides:
Litigation expenses. — Attorneys’ fees and other expenses of litigation shall be paid by the personal representative and deducted from the awards to the survivors and the estate in proportion to the amounts awarded to them, but expenses incurred for the benefit of a particular survivor or the estate shall be paid from their awards.
“The Act obviously contemplates that one lawyer, selected by the personal representative, will pursue the tort claim for the benefit of the survivors who are entitled to recover damages.” In re Estate of Cata-pane, 759 So.2d 9, 11 (Fla. 4th DCA 2000). However, when the survivors have a conflict of interest, a single attorney could not fairly represent their competing interests. Wiggins v. Estate of Wright, 850 So.2d 444, 449 (Fla.2003). In those instances, attorney’s fees from the awards to the estate should be apportioned as set forth by the Fourth District in In re Estate of Catapane. Wiggins, 850 So.2d at 447-48.
When survivors have competing claims, and are represented by separate attorneys, awarding attorneys’ fees from a wrongful death suit in a manner commensurate with the attorneys’ work properly provides for proportional payment of attorneys’ fees by all survivors, out of their respective awards. For example, if there are two competing survivors represented by separate attorneys throughout the litigation who successfully prosecute a claim to judgment, the fees should ordinarily be awarded out of the respective recoveries. This will always be subject to the caveat that where it can be demon *745 strated that one attorney played a greater role in securing the total award, a larger fee may be proper. In no instance, however, should a survivor be penalized for hiring separate counsel by having to pay a fee for recovery of the same amount twice.
Id. at 450.
Thus, the fees for the attorney for the personal representative will be reduced by the amount needed to compensate the other survivors’ attorneys for their efforts in representing those survivors in the proceedings. Id. However, “counsel retained individually by survivors, and not by the personal representative, cannot expect to be compensated for work on those aspects of the case on which counsel for the personal representative has no conflict of interest.” In re Estate of Catapane, 759 So.2d at 11 n. 1.
I. The Wrongful Death Act provides for fees.
The Wagner firm argues that the probate court erred in awarding KLG the entire fee as the attorney for the personal representative because section 768.26 does not provide for fees incurred if the case settles before suit is filed. The Wagner firm argues that the “Litigation expenses” heading of section 768.26 limits its application to those instances when suit has already been filed. The Wagner firm argues that its position is supported by Perez v. George, Hartz, Lundeen, Flagg & Fulmer, 662 So.2d 361 (Fla. 3d DCA 1995).
We are not persuaded by the Wagner firm’s argument that the title of section 768.26 limits its application to those instances when suit has already been filed. Pre-suit settlement negotiations are an important part of wrongful death litigation, and section 768.26 does not' limit recoverable fees to those incurred subsequent to filing suit. The statute simply does not provide a basis to exclude from “[l]itigation expenses” those attorney’s fees incurred during pre-suit negotiations.
We are likewise not persuaded by the Wagner firm’s reliance on Perez. In Perez, the minor decedents’ divorced parents retained separate counsel to initiate wrongful death claims against the tortfea-sor before the estate was opened. Id. at 362. The mother’s counsel procured a settlement during pre-suit mediation and then filed a petition for administration of the estate in probate court. Id. at 363. The probate court appointed the mother and father as copersonal representatives. The probate court subsequently approved the settlement, to which the father had not objected. The court also awarded the mother’s counsel the entire contingency attorney’s fee award, to which the father did object.
On appeal, the Third District held that the mother’s counsel was not entitled to a fee from the father because the father had not signed a contract with the mother’s counsel for legal services. Id. at 364., The court explained that there was no exception to the rule requiring such a contract. The court reasoned that neither the “common fund rule” nor section 768.28 applied because no wrongful death action had been filed in the case. Id. at n. 4.
While this language would seem to indicate that section 768.28 does not provide for attorney’s fee awards in any cases in which suit had not been filed, Perez was distinguished by the Fourth District in In re Estate of Catapane, 759 So.2d at 11. As the Fourth District explained, section 768.26 did not apply in Perez because the parents negotiated the-.settlements before a personal representative was appointed, not because a suit had not been filed. Id. In fact, in In re Estate of Catapane, the *746 settlement was reached before suit was filed and the court still determined entitlement to fees pursuant to section 768.26. Id. In re Estate of Catapane was approved by the supreme court in Wiggins, 850 So.2d at 450. Thus, there is no question that section 768.26 applies to provide for fees incurred even in cases that settle before suit is filed.
II. There was no conflict of interest.
As we stated previously, when survivors have a conflict of interest with the personal representative, the attorney for the personal representative is precluded from collecting fees out of the survivors’ portions of the recovery. Wiggins, 850 So.2d at 450. In this case, the probate court denied the Wagner firm’s objection to KLG’s request for fees based on its determination that Larry and Robert did not have a competing claim or conflict of interest with Gary. The Wagner firm argues that the probate court’s finding on this issue is erroneous because “[t]he record contains compelling and uncontrovert-ed evidence of a deep-seated divide between Gary, on the one hand, and Larry and Robert on the other, which came to the fore as a result of their parents’ tragic deaths.” The Wagner firm argues that KLG was placed on notice of the conflict when the Wagner firm objected to the one-third apportionment of the bodily injury settlement and attempted to remove Gary as the personal representative.
It is true that the Wagner firm’s objection to the apportionment of the bodily injury settlement would have established a conflict of interest between Larry and KLG had it been pursued. However, Larry abandoned his objection to the apportionment after his petition to remove Gary was dismissed. While there was certainly a potential conflict of interest between Larry and Robert and KLG, an actual conflict never arose because Larry and Robert never objected to the amount or apportionment of the UM settlement. Larry and Robert may have believed that the settlement was a bit low and that they were entitled to a greater portion of the settlement proceeds, but they waived any objection to the settlement by accepting their equal shares.
III. The Wagner firm did have to assert a competing claim.
In its final argument, the Wagner firm argues that the probate court erred in awarding KLG the entire contingency fee because the Wagner firm did not have to show that the brothers had a competing claim in order to be entitled to fees under the act. The Wagner firm relies on Garces v. Montano, 947 So.2d 499 (Fla. 3d DCA 2006), to support its argument on this issue. Although the court in Garces held that counsel for a survivor was entitled to attorney’s fees in the absence of a competing claim or conflict of interest, that survivor was a copersonal representative. Counsel for both personal representatives collaborated to procure the settlement of the wrongful death action. Thus, under Wiggins and In re Estate of Catapane, counsel for the copersonal representative in Garces would be entitled to fees proportionate with counsel’s efforts for the recovery of the minors.
As the Fourth District has stated, “counsel retained individually by survivors, and not by the personal representative, cannot expect to be compensated for work on those aspects of the case on which counsel for the personal representative has no conflict of interest.” In re Estate of Catapane, 759 So.2d at 11 n. 1. Because the Wagner firm did not perform any work on any aspect of the case in which KLG had a conflict of interest, the probate court did not abuse its discretion in declining to *747 award the Wagner firm a share of the attorney’s fees in this case.
Affirmed.
FULMER and VILLANTI, JJ., Concur.