NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DOMINIC HEISTON, as personal )
representative for the Estate of Dylan )
Matthew Heiston, deceased, )
)
      Appellant, )
)
v. )     Case No. 2D16-3417
)
SCHWARTZ & ZONAS, LLP, )
)
      Appellee. )
)

Opinion filed July 7, 2017.

Appeal from the Circuit Court for Collier
County; Vincent Murphy, Acting Circuit
Judge.

P. Brandon Perkins and Kristen D. Perkins,
of Rogers Towers P.A., Fort Myers, for
Appellant.

Joseph D. Stewart of Joseph D. Stewart,
P.A., Naples, for Appellee.


WALLACE, Judge.

        This case involves a dispute between two law firms regarding the

allocation of an attorney's contingent fee earned after the settlement of a wrongful death

claim.  Dominic Heiston, as personal representative of the Estate of Dylan Heiston,

deceased, appeals the trial court's order that awarded the entire fee to Schwartz &

Zonas, LLP, the attorneys for the decedent's statutory survivors.  Because the trial court

erred in awarding the entire fee to Schwartz & Zonas and nothing to the law firm that represented the personal representative, we reverse.

## I. THE FACTS AND PROCEDURAL BACKGROUND

Dylan Heiston, who was sixteen years old, was killed in an automobile accident on July 31, 2014. Rasjia Heiston and Kristina Heiston, Dylan's parents, were his statutory survivors under the Florida Wrongful Death Act, sections 768.16-.26, Florida Statutes (2014) (the Act). Dylan had an older brother, Dominic Heiston. Neither Rasjia nor Kristina were able to qualify as the personal representative of Dylan's estate. Thus, Dominic, who did qualify, was appointed as the personal representative. The law firm of Morgan & Morgan, P.A., represented Dominic in his capacity as personal representative.[1]

Morgan & Morgan filed an action for wrongful death on Dominic's behalf against the driver of the other automobile involved in the accident. Ultimately, all claims arising from the accident were settled, and the lawsuit was dismissed after Morgan & Morgan received payments from two different insurance companies. Allstate, the insurer for the other driver involved in the accident, paid its policy limits of $100,000. Century 21, the carrier that provided uninsured motorist's coverage under a policy that covered Dylan, paid its policy limits of $100,000 plus a $5000 death benefit. Thus, the total recovery was $205,000. Morgan & Morgan agreed to reduce its contingent fee from thirty-three and one-third percent of the recovery to twenty-five percent of $200,000 or $50,000. Morgan & Morgan did not claim a fee on the $5000 death benefit.

_____

[1]In this opinion, we will refer to the members of the Heiston family by their first names to avoid confusion.

Schwartz & Zonas had a contingent fee agreement with Dylan's parents, Rasjia and Kristina. Schwartz & Zonas attempted—unsuccessfully—to have Rasjia appointed as the personal representative of Dylan's estate. When it became apparent that Rasjia could not qualify, Schwartz & Zonas attempted to have an unrelated third party appointed. This attempt also failed. Although Schwartz & Zonas did not represent the personal representative, it actively pursued the wrongful death claim. Schwartz & Zonas sent demand letters to the two insurance companies and received settlement checks. These checks were never deposited. Schwartz & Zonas also filed a wrongful death action on behalf of Rasjia and Kristina. In the complaint, Schwartz & Zonas alleged on behalf of their clients—inaccurately—that Rasjia had been appointed as the personal representative of Dylan's estate. Notably, there was no dispute between Rasjia and Kristina concerning their respective shares of the amount of the recovery payable to the survivors; each claimed one-half of the proceeds. Ultimately, Rasjia and Kristina would each disclaim any interest in the proceeds of the wrongful death recovery with the result that the entire share of the survivors will be distributed to their son, Dominic.

After the wrongful death claim was settled, Dominic filed a final accounting and petition for discharge. The estate had no assets other than the $205,000 proceeds of the wrongful death claim. The final accounting reflected disbursements as follows: $3878.26 for the payment of funeral expenses, $4621.74 for the probate attorney's fees and costs to date, and $50,190.51 to Morgan & Morgan for their fees and costs. In the petition for discharge, Dominic proposed to pay himself a personal representative's fee of $6150 and an additional $2078.26 to the probate attorney for fees and costs. The

total of the disbursements already paid and proposed to be paid left a balance of $138,081.23. Dominic proposed to distribute this balance in equal shares to Rasjia and Kristina. The only person or entity that filed an objection to the final accounting or to the proposed distribution of the estate assets was Schwartz & Zonas.

Schwartz & Zonas objected to the disbursement of $50,190.51 in fees and costs to Morgan & Morgan. In support of their objection, Schwartz & Zonas alleged:

> All assets as stated in the Amended Inventory were collected by the Law Offices of Schwartz & Zonas LLP during their lawful representation of both Rasjia Heiston and Kristina Heiston. As Morgan & Morgan PA performed no duties in the collection of Estate Assets, it is not entitled to an attorney fee.

Schwartz & Zonas also filed a petition for an order authorizing payment of attorney's fees. In this petition, Schwartz & Zonas requested payment of one-third of $205,000 or $68,333.34. Schwartz & Zonas based their attorney's fee claim on the contingent fee agreement between the firm and Dylan's parents.

## II. THE TRIAL COURT'S RULING

The trial court conducted an evidentiary hearing on the objection and the separate fee petition. At the conclusion of the hearing, Schwartz & Zonas argued that they were "entitled to the lion's share of the attorney fees" because (1) Schwartz & Zonas represented the parents, who were the real parties in interest; (2) Morgan & Morgan had a disqualifying conflict of interest because they did not represent the parents; (3) Allstate and Century 21 had tendered the checks for payment to Schwartz & Zonas before Morgan & Morgan's involvement; (4) Morgan & Morgan was not authorized to settle the case because it did not represent the parents; and (5) Schwartz & Zonas did the majority of the legal work in obtaining the proceeds of the wrongful

- 4 -

death claim arising from Dylan's death.  In conclusion, Schwartz & Zonas modified its objection to the disbursement to Morgan & Morgan by suggesting that Schwartz & Zonas should receive eighty percent of the total fee, leaving twenty percent of the fee for Morgan & Morgan.

After the hearing, the trial court entered an order sustaining Schwartz & Zonas's objection to the final accounting and petition for discharge.  Despite Schwartz & Zonas's suggestion that it receive eighty percent of the fee and Morgan & Morgan collect the remaining twenty percent, the trial court authorized payment of a $50,000 fee and directed that the entire amount be paid to Schwartz & Zonas.  This appeal by Dominic followed.

### III.  THE APPLICABLE LAW

The legal principles applicable to the prosecution and settlement of wrongful death claims in Florida are well settled:

> By statute, the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate.  § 768.20, Fla. Stat. (2005); see also Wiggins v. Estate of Wright, 850 So. 2d 444, 446 (Fla. 2003).  The survivors may not bring separate legal actions and are required to participate in the single legal action filed by the estate.  Wiggins, 850 So. 2d at 446.  However, the survivors are still entitled to be represented by counsel of their choice.  Id. at 449.

Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Grp., 64 So. 3d 1187, 1191 (Fla. 2011).  "Under Florida's Wrongful Death Act, . . . . [t]he personal representative has the exclusive authority to conduct litigation and settle all claims.  The survivors are not parties to the wrongful death litigation, even when the claims are brought for their benefit."  Kadlecik v. Haim, 79 So. 3d 892, 893 (Fla. 5th DCA 2012)

(citations omitted); see also § 768.20, Fla. Stat. (2014) ("The action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death.").  The statutory power to settle a wrongful death action is vested in the personal representative.  Thompson v. Hodson, 825 So. 2d 941, 949, 953 (Fla. 1st DCA 2002).  The personal representative has the power to hire counsel to carry out his or her duties with regard to wrongful death claims.  In re Estate of Catapane, 759 So. 2d 9, 11 (Fla. 4th DCA 2000).

The principles applicable to the allocation of attorney's fees to be paid from the proceeds of a wrongful death claim when one or more of the survivors are represented by separate counsel are also well established in Florida law.  With regard to the payment of "Litigation Expenses," section 768.26 of the Act provides for the payment of the attorney hired by the personal representative of the decedent's estate as follows:

> Attorneys' fees and other expenses of litigation shall be paid by the personal representative and deducted from the awards to the survivors and the estate in proportion to the amounts awarded to them, but expenses incurred for the benefit of a particular survivor or the estate shall be paid from their awards.

See also Catapane, 759 So. 2d at 11 (quoting the statute).  In the Catapane case, the Fourth District worked out the principles controlling the allocation of the contingent fee paid from the recovery on a wrongful death claim where one or more of the survivors are represented by separate counsel.  Id. at 11-12.  The Florida Supreme Court has expressly agreed with the Catapane court's analysis.  Wiggins v. Estate of Wright, 850

So. 2d 444, 447 (Fla. 2003).  In the <u>Wiggins</u> case, the court concluded its discussion of the case before it by summarizing these principles as follows:

> When survivors have competing claims, and are represented by separate attorneys, awarding attorneys' fees from a wrongful death suit in a manner commensurate with the attorneys' work properly provides for proportional payment of attorneys' fees by all survivors, out of their respective awards.  For example, if there are two competing survivors represented by separate attorneys throughout the litigation who successfully prosecute a claim to judgment, the fees should ordinarily be awarded out of the respective recoveries.  This will always be subject to the caveat that where it can be demonstrated that one attorney played a greater role in securing the total award, a larger fee may be proper.  In no instance, however, should a survivor be penalized for hiring separate counsel by having to pay a fee for recovery of the same amount twice.
>
> We agree with and approve of the <u>Catapane</u> method of allocating fees, whereby a trial court determines the attorneys' fee awards by compensating the personal representative's attorney out of the total settlement proceeds, reduced by the amount necessary to reasonably compensate the other survivors' attorneys for their services in representing those survivors in the proceedings.

<u>Id.</u> at 450.  Later, in the <u>Wagner</u> case, the court held that section 768.26 of the Act applies to instances where a wrongful death claim is settled presuit and not just to cases where an action has been filed or litigated.  64 So. 3d at 1192.  In <u>Wagner</u>, the court once again approved the Fourth District's analysis in <u>Catapane</u>.  <u>Id.</u> at 1192-93.

## IV.  DISCUSSION

The trial court's order in this case does not mention any of the provisions of the Act.  The order does not cite to <u>Wagner</u>, <u>Wiggins</u>, <u>Catapane</u>, or any other pertinent case law.  For these reasons, it has been difficult for us to discern the legal basis underlying the trial court's ruling that denied the payment of any portion of the

contingent fee in this case to Morgan & Morgan. The trial court seems to have decided to prefer Schwartz & Zonas for payment of the entire fee because they became active in the matter before Morgan & Morgan. In basing its ruling on which law firm was the first to act, the trial court overlooked that Morgan & Morgan's client, the personal representative of the estate, was the sole party who was authorized under the Act to pursue the claim, not Rasjia or Kristina. The trial court erred in preferring Schwartz & Zonas for payment of the entire contingent fee simply because they were the first to contact the insurance companies and to file a lawsuit.

We reverse the order under review and remand this case to the trial court for further proceedings consistent with this opinion. On remand, the trial court shall reconsider the allocation of the $50,000 attorney's fee between the two law firms based on the provisions of the Act and the principles stated in Wagner, Wiggins, Catapane, and other pertinent case law. Thus, the trial court must award the full $50,000 contingent fee to Morgan & Morgan and then reduce the fee award in a manner commensurate with the value, if any, of the services that Schwartz & Zonas provided to the statutory survivors, Rasjia and Kristina. See Garces v. Montano, 947 So. 2d 499, 504 (Fla. 3d DCA 2006) (reversing the trial court's order allocating fees from the settlement of an action for wrongful death and remanding for further proceedings pursuant to Wiggins).

Reversed and remanded for further proceedings consistent with this opinion.

SLEET and LUCAS, JJ., Concur.

- 8 -