[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-11376

Non-Argument Calendar

_____

BRITISH D. MOSS,
As next of kin to Gail A. Moss, deceased,

Plaintiff-Appellant,

*versus*

LEESBURG REGIONAL MEDICAL CENTER,
in their individual capacity,
GREGORY R. LEWIS,
Hospital Administrator, Leesburg Medical CTR,
in their individual capacity,
KYLE C. SHAW, MD,
Leesburg Medical CTR,
in their individual capacity,
JOHN/JANE DOE,

2                     Opinion of the Court                     20-11376

6 Named Employees of B.O.P.,
in their individual capacity,
JOHN/JANE DOE,
6 Named Employees of Leesburg Regional Medical Center,
in their individual capacity, et al.,

Defendants-Appellees,

BUREAU OF PRISON,
FCC Coleman,

Defendant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:17-cv-00535-TJC-PRL

————————————

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

British Moss ("Plaintiff"), a Florida prisoner proceeding *pro se*,[1] appeals the district court's order dismissing without prejudice -- pursuant to 28 U.S.C. § 1915 -- Plaintiff's second amended complaint. Plaintiff asserted against defendants claims under 42 U.S.C. § 1983, *Bivens*,[2] and the Federal Tort Claims Act ("FTCA"). No reversible error has been shown; we affirm.[3]

Plaintiff filed *pro se* this civil action as "next of kin" of his deceased mother (Gail Moss), who was a federal inmate incarcerated at FCC Coleman at the time of her death in June 2014. In his second amended complaint, Plaintiff named as defendants (1) Leesburg Regional Medical Center ("LRMC"), (2) Gregory Lewis, Hospital Administrator and C.E.O. of LRMC; (3) nine members of LRMC's medical staff; (4) Kyle Shaw, medical examiner, (5) eight members of the prison and medical staff at FCC Coleman, and (6) the United States Public Health Service.

Plaintiff contends that Defendants -- prison officials and medical staff involved in his mother's care -- committed negligence, medical malpractice, "deliberate indifference, malfeasance, medical battery, and abuse, that gave way to wrongful death," in

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

[2] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[3] We DENY Plaintiff's motion for referral to the volunteer lawyer program.

violation of his mother's rights under the Fourth, Sixth, Eighth and Fourteenth Amendments.  Plaintiff says his mother underwent "two illegal stent surgeries" and brain surgery.  Plaintiff also says his mother was prescribed 27 different medications, including (according to Plaintiff) some medications that his mother was allergic to and some medications that caused his mother to develop cancerous tumors.  Plaintiff alleges that Defendant Shaw destroyed intentionally evidence about the cause of Plaintiff's mother's death when he failed to perform an autopsy and made false statements on Plaintiff's mother's death certificate.

The district court dismissed Plaintiff's complaint for lack of standing.  Because Plaintiff had not been appointed as the personal representative of his mother's estate, the district court concluded -- as a matter of Florida law -- that Plaintiff lacked standing to pursue this civil action on his mother's behalf.

We review issues of standing *de novo*.  *See DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008).

When federal law "is deficient in the provisions necessary to furnish suitable remedies," 42 U.S.C. § 1988(a) directs courts to look to the applicable state law, provided the state law "is not inconsistent with the Constitution and laws of the United States." *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978).  Because 42 U.S.C. § 1983 says nothing about the survival of a civil-rights action following the death of the injured party or about who has standing to bring a claim for wrongful death, these issues are resolved by applying the law of the pertinent state.  *See*

*Robertson*, 436 U.S. at 588 (concluding -- based on section 1988(a) -- that the survival of a section 1983 action was governed by Louisiana's survivorship law); *Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1043 (11th Cir. 2011) (applying Alabama's survivorship statute to determine whether a section 1983 excessive-force claim survived the injured party's death); *Carringer v. Rodgers*, 331 F.3d 884, 848-50 (11th Cir. 2003) (looking to Georgia's wrongful-death and survival statutes to determine whether plaintiff had standing to pursue a section 1983 wrongful-death claim).

Here, the district court concluded properly that whether Plaintiff has standing to pursue his claims under section 1983 and under *Bivens* are questions governed by Florida law. *See Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (noting that "courts generally apply § 1983 law to *Bivens* cases."). We do not conclude -- nor has Plaintiff argued -- that Florida's Wrongful Death Act is inconsistent with federal law.

Florida law also governs Plaintiff's standing to bring claims under the Federal Tort Claims Act. *See Gonzalez-Jiminez de Ruiz v. United States*, 378 F.3d 1229, 1230 n.1 (11th Cir. 2004) (noting that a claim under the Federal Tort Claims Act is governed by the law of the state in which the alleged tort occurred; when the alleged tort occurs in Florida, "Florida law governs all substantive issues, including the question of whether an individual has standing and capacity to sue.").

6                    Opinion of the Court                    20-11376

Pertinent to this appeal, Florida law provides that a wrong-ful-death "action shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20.  The Florida Supreme Court has said that -- under Florida's Wrongful Death Act -- "the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate." See Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy Law Grp., 64 So. 3d 1187, 1191 (Fla. 2011).

Nothing evidences that Plaintiff has been appointed as the personal representative of his mother's estate.  Indeed, as a convicted felon, Plaintiff is ineligible to serve as a personal representative under Florida law.  See id. § 733.303(1)(a).  Because Plaintiff brought this civil action in his capacity as his mother's "next of kin," Plaintiff lacked standing to pursue his claims under section 1983, Bivens, and the FTCA.[4]  The district court concluded properly that these claims were subject to dismissal.

----

[4] We note that Plaintiff's second amended complaint makes a single reference to the Americans with Disabilities Act: Plaintiff titled Count IV "Federal Tort Claims Act in Violation of (Abuse) Against 42 U.S.C. §§ 12101-12213 Americans with Disabilities Act (ADA)."  The paragraphs supporting Count IV, however, make no reference to facts or law pertinent to the ADA.  Those paragraphs, instead, assert that Defendants committed gross negligence, medical malpractice, medical battery, abuse, and deliberate indifference, in

20-11376                 Opinion of the Court                        7

   AFFIRMED.

---

violation of the Fourth, Sixth, Eighth and Fourteenth Amendments and Florida law.  Plaintiff says Defendants denied erroneously his mother's request for compassionate release under 18 U.S.C. § 3582.  Plaintiff also alleges that his mother was tortured in violation of the Torture Victims Protection Act, 28 U.S.C. § 1350.  (The Torture Victims Protection Act is a "strictly jurisdictional" statute applicable in cases involving violations of international law.  *See Doe v. Drummond Co.*, 782 F.3d 576, 583 (11th Cir. 2015)).  Construing liberally Plaintiff's second amended complaint, we cannot conclude that Plaintiff has asserted a substantive claim under the ADA.  *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (we construe liberally *pro se* pleadings).